RACHAEL A. HONIG
Acting United States Attorney
PETER VIZCARRONDO
KRISTIN L. VASSALLO
Assistant United States Attorneys
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. (973) 645-2835
Email peter.vizcarrondo@usdoj.gov
Email kristin.vassallo@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONIB ZIRVI, M.D., PH.D, | HON. MICHAEL A. SHIPP |
| *Plaintiff,* | *Civil Action No.* 20-7648 (MAS)(DEA) |
| v. | |
| UNITED STATES NATIONAL INSTITUTES OF HEALTH, *et al.*, | |
| *Defendants.* | |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION
FOR SUMMARY JUDGMENT AND IN FURTHER SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

RACHAEL A. HONIG
ACTING UNITED STATES ATTORNEY
*Attorney for Defendants*

PETER VIZCARRONDO
KRISTIN L. VASSALLO
Assistant United States Attorneys

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................iii

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT ........................................................................................................ 2

    I.    The Court Should Grant Summary Judgment to the Defendants Because the USPTO, the NIST, the NCI, and the NHGRI Properly Withheld Information Pursuant to FOIA Exemption 4 ................................................. 2

    A.    Zirvi's Allegations of Fraud Do Not Undermine the Agencies' Application of Exemption 4 ................................................................. 2

    B.    The USPTO Properly Invoked Exemption 4 to Withhold Exhibit 2052...... 7

    C.    The NIST Correctly Applied Exemption 4 over the MIND Development Grant Proposal and Technical Reports ......................................... 9

    D.    The NCI Properly Invoked Exemption 4 to Redact Confidential Commercial Information from the NCI Grant Application ..................... 10

    E.    The NHGRI Properly Invoked Exemption 4 to Redact Confidential Commercial Information from the NHGRI Grant Application................. 11

    II.    The Court Should Deny Plaintiff's Request for Discovery ......................... 11

    III.    The Court Should Deny Plaintiff's Request for Attorneys' Fees .............. 15

CONCLUSION.................................................................................................... 19

TABLE OF AUTHORITIES

**Federal**                                                                    **Page(s)**

*American Friends Serv. Comm. v. Dep't of Defense,*
   831 F.2d 441 (3d Cir. 1987) ....................................................................... 7
*Baker & Hostetler LLP v. U.S. Dep't of Commerce,*
   473 F.3d 312 (D.C. Cir. 2006) ................................................................... 13
*Bartko v. U.S. Dep't of Justice, No.*
   13-1135 (JEB), 2016 WL 829967 ............................................................. 13
*Berger v. I.R.S.,*
   487 F.Supp.2d 482 (D.N.J. 2007) ............................................................. 14
*Berger v. I.R.S.,*
   288 Fed.Appx. 829 (3d Cir. 2008) ............................................................ 14
*Brayton v. Office of U.S. Trade Rep.,*
   641 F.3d 521 (D.C. Cir. 2011) .................................................................. 19
*Burka v. U.S. Dep't of Health & Hum. Servs.,*
   142 F.3d 1286 (D.C. Cir. 1998) ................................................................ 16
*Center for Public Integrity v. U.S. Dep't of Energy,*
   234 F. Supp. 3d 65 (D.D.C. 2017) ....................................................... 5, 6, 7
*Food Mktg. Inst. v. Argus Leader Media,*
   139 S. Ct. 2356 (2019) ...................................................................... 2, 3, 8
*Friedman v. U.S. Secret Serv.,*
   923 F. Supp. 2d 262 (D.D.C. 2013) .......................................................... 14
*FTC v. Grolier Inc.,*
   462 U.S. 19 (1983) ..................................................................................... 5
*Grand Canyon Tr. v. Zinke,*
   311 F. Supp. 3d 381 (D.D.C. 2018), aff'd, 947 F.3d 94 (D.C. Cir. 2020) ........ 15, 16
*Hinton v. Dep't of Justice,*
   844 F.2d 126 (3d Cir. 1988) ..................................................................... 14
*McKinley v. Fed. Hous. Fin. Agency,*
   739 F.3d 707 (D.C. Cir. 2014) .................................................................. 18
*Nat'l Sec. Couns. v. Cent. Intel. Agency,*
   811 F.3d 22 (D.C. Cir. 2016) .................................................................... 16
*National Immigr. Project of Nat. L. Guild v. U.S. Dep't of Homeland Sec.,*
   No. 11-CV-3235, 2014 WL 6850977 (S.D.N.Y. Dec. 3, 2014) ................................. 5
*N'Jai v. U.S. E.P.A.,*
   No. 13-1212, 2014 WL 2508289 (D.N.J. Jun. 14, 2014) .................................... 12
*NLRB v. Sears, Roebuck & Co.,*
   421 U.S. 132 (1975) ................................................................................... 5
*Pennsylvania, Dep't of Pub. Welfare v. Sebelius,*
   674 F.3d 139 (3d Cir. 2012) ..................................................................... 12
*Pohl v. U.S. E.P.A.,*
   No. 09-1480, 2012 WL 762083 (W.D. Pa. Mar. 7, 2012) .................................... 16

*Poitras v. Dep't of Homeland Sec.*,
  No. CV 15-1091 (BAH), 2019 WL 1569561 (D.D.C. Apr. 11, 2019) .................... 18
*Pub. Citizen Health Research Grp. v. F.D.A.*,
  704 F.2d 1280 (D.C. Cir. 1983) ........................................................... 2, 8
*SafeCard Servs., Inc. v. S.E.C.*,
  926 F.2d 1197 (D.C. Cir. 1991) ............................................................ 13
*Schrecker v. Dep't of Justice*,
  217 F. Supp. 2d 29 (D.D.C. 2002) ........................................................ 13
*Seife v. Food & Drug Admin.*,
  No. 17-3960, 2020 WL 5913525 (S.D.N.Y. Oct. 6, 2020) ................................. 9-10
*Shelton v. Bledsoe*,
  775 F.3d 554 (3d Cir. 2015) ................................................................ 12
*Skurow v. U.S. Dep't of Homeland Sec.*,
  892 F. Supp. 2d 319 (D.D.C. 2012) ....................................................... 14
*Skybridge Spectrum Found. v. F.C.C.*,
  842 F. Supp. 2d 65 (D.D.C. 2012) ................................................... 3, 4, 5
*Thomas v. FDA*,
  587 F. Supp. 2d 114 (D.D.C. 2008) ....................................................... 13
*United States v. Weber Aircraft Corp.*,
  104 S. Ct. 1488 (1984) ....................................................................... 5
*Van Chase v. Bur. of Indian Affairs*,
  No. 18-2902 (EGS), 2020 WL 3489469 (D.D.C. June 26, 2020) .................... 16, 17
*Venkataram v. Office of Information Policy*,
  No. 09-6520 (JBS/AMD), 2013 WL 3871730 (D.N.J. Jul. 25, 2013), aff'd, 590 F.
  App'x 138 (3d Cir. 2014) .................................................................... 7
*Voinche v. F.B.I.*,
  412 F. Supp. 2d 60 (D.D.C. 2006) ........................................................ 13
*Washington v. Nat'l Indian Gaming Comm'n*,
  467 F. Supp. 2d 40 (D.D.C. 2006) ........................................................ 13

## <u>Rules</u>

Fed. R. Civ. P. 56 ............................................................................. 12
Rule 56 ................................................................................... 12, 14
Rule 56[(d)] .................................................................................. 12
5 U.S.C. § 552 ........................................................................ 14, 15, 17
35 U.S.C. § 317 ............................................................................... 8
37 C.F.R. § 42.74 ............................................................................. 8

## PRELIMINARY STATEMENT

In his brief, Plaintiff casts this FOIA lawsuit as an attempt to unearth documents that he claims show fraudulent behavior by Intervenor Illumina, Inc., and another private company, Thermo Fisher. However, Plaintiff's invocation of a "crime-fraud exception" to FOIA's Exemption 4 is legally unsupported and his allegations of fraud are purely speculative.   In centering his brief on these allegations, Plaintiff all but ignores the factors that a Court must consider to determine whether the Agency Defendants properly applied Exemption 4.  As the Agency Defendants outlined in their moving brief – and supported with detailed declarations – the agencies evaluated Plaintiff's request under Supreme Court precedent and correctly applied Exemption 4. Accordingly, Plaintiff's baseless attacks are insufficient to overcome the good faith accorded to the Agency Defendants' declarations.

The Court should also deny Plaintiff's request for discovery and attorneys' fees.  Discovery is rare and disfavored in FOIA cases, and Plaintiff's allegations of fraud do not justify granting him permission to depose a non-party in this straightforward Exemption 4 case.   Likewise, despite Plaintiff's assertions, he cannot demonstrate that he is either eligible or entitled to attorneys' fees.  For all of these reasons, the Court should grant summary judgment to the Agency Defendants, deny Plaintiff's motion for summary judgment, and dismiss this case.

ARGUMENT

I.   The Court Should Grant Summary Judgment to the Defendants
     Because the USPTO, the NIST, the NCI, and the NHGRI Properly
     Withheld Information Pursuant to FOIA Exemption 4

As discussed in detail in their moving brief and supporting declarations, the

Agency Defendants properly asserted Exemption 4 over confidential commercial

information obtained from Thermo Fisher and Illumina.  An agency may rely on

Exemption 4 if it can establish that withheld information is "(1) commercial or

financial, (2) obtained from a person, and (3) privileged or confidential." *Pub. Citizen*

*Health Research Grp. v. F.D.A.*, 704 F.2d 1280, 1290 (D.C. Cir. 1983) (internal

citation omitted). Further, in *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct.

2356, 2366 (2019), the Court ruled that "[a]t least where commercial or financial

information is [1] both customarily and actually treated as private by its owner and

[2] provided to the government under an assurance of privacy, the information is

'confidential' within the meaning of Exemption 4."  Instead of grappling with these

standards, Plaintiff argues that his baseless allegations of fraud are sufficient to

authorize disclosure. As explained below, these arguments do not provide any basis

to deny summary judgment, much less to grant summary judgment to Plaintiff.

A.   Zirvi's Allegations of Fraud Do Not Undermine the Agencies' Application
     of Exemption 4

In his cross-motion for summary judgment, Plaintiff does not argue that the

Agency Defendants misapplied the law governing Exemption 4 in withholding

documents and information in response to his FOIA Requests.  Indeed, his brief

merely mentions the standard announced by the Supreme Court in *Food Marketing,*

*supra*, and does not address the application of that standard to any specific document. Instead, Plaintiff concedes that the "thrust of [his] complaint" is his wide-ranging, speculative argument that Illumina and Agency Defendants improperly redacted or withheld documents to conceal Illumina's purported fraud in maintaining a "monopoly" in the market for "instruments and reagents used in DNA sequencing and arrays." Pl.'s Br. at 15. Contrary to Plaintiff's argument, there is no such "crime-fraud exception" to FOIA's Exemption 4 and, even if there were, Plaintiff has not provided support for his broad and conclusory allegations.

As an initial matter, Plaintiff bases his assertion of a crime-fraud exception on the purported "legitimate public interest" in discovering how Illumina and Thermo Fisher "may have leveraged arms of the federal government…to obfuscate the potential damage [Illumina and Thermo Fisher's alleged monopoly] could pose to public health systems that provide substantial benefits to the nation's safety and economy." Pl.'s Br. at 2. FOIA does not permit this approach, however: "once the district court concludes that the agency has established the applicability of the exemption, its inquiry is at an end; the proponent of disclosure is not free to 'bolster the case for disclosure by claiming an additional public benefit.'" *Skybridge Spectrum Found. v. F.C.C.*, 842 F. Supp. 2d 65, 82 (D.D.C. 2012) (quoting *Public Citizen Health Research Grp. v. FDA.*, 185 F.3d 898, 904 (D.C. Cir. 1999)). By invoking the public interest in seeking to overturn the Agency Defendants' Exemption 4 determination, Plaintiff asks the Court to disturb the careful balancing of interests that Congress made in passing FOIA: "Exemption 4 embodies a

congressional determination that the public disclosure of confidential commercial information *does* outweigh the public interest in disclosure, and it is not the district court's role to second-guess that judgment on a case-by-case basis." *Id*. (emphasis in original).

Plaintiff's allegations of malfeasance, therefore, have no bearing on this straightforward FOIA case. The only issue before the Court is whether the Agency Defendants properly applied Exemption 4 to the documents at issue.  That question, as noted above, depends on an application of the Supreme Court's decision in *Food Marketing*.   Plaintiff cites no cases holding that allegations of fraud can invalidate an agency's Exemption 4 determination, and the undersigned are aware of no federal court reaching such a decision. To the contrary, in *Skybridge Spectrum*, the U.S. District for the District of Columbia rejected the plaintiff-requestor's argument that Exemption 4 does not extend to documents or information involving purported fraud or falsehood; that court found such arguments both unsupported by any legal authority and "completely unworkable" because "it would effectively require agencies, and later the courts, to test the truth and accuracy of each discrete item of information covered by a plaintiff's request before applying the protections afforded by Exemption 4." 842 F. Supp. 2d at 82. The court concluded that

> Ultimately, under Skybridge's interpretation, cases turning on Exemption 4 would inevitably devolve into multiple mini-trials about the truthfulness and accuracy of the information withheld by the agency, multiplying proceedings exponentially and drawing upon scarce judicial and administrative resources while contributing little in the way of furthering the purposes and policies behind FOIA.

*Id.* The same is true here. Plaintiff's position, if accepted, would unnecessarily complicate even the most straightforward Exemption 4 cases upon the mere invocation of fraud, something that Congress never intended.

As Plaintiff tellingly concedes, "there is not an abundance of case law on how the crime-fraud exception applies to the assertion of FOIA exemptions." Pl.'s Br. at 15. The cases Plaintiff does reference, however, do not support his position that this exception exists. For instance, in *National Immigr. Project of Nat. L. Guild v. U.S. Dep't of Homeland Sec.*, No. 11-CV-3235, 2014 WL 6850977, at *5 (S.D.N.Y. Dec. 3, 2014), on which Plaintiff principally relies, the plaintiff sought information that the government had withheld under FOIA Exemption 5, not Exemption 4. Exemption 5, which protects certain inter- and intra-agency memoranda from disclosure, incorporates the attorney-client privilege among other civil discovery privileges, *see, e.g.,* N*LRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 154 (1975), and the Supreme Court has held that the scope of Exemption 5 is coextensive with the scope of each of the civil discovery privileges it incorporates. *See United States v. Weber Aircraft Corp.*, 104 S. Ct. 1488, 1492-94 (1984); *FTC v. Grolier Inc.*, 462 U.S. 19, 26-28 (1983). Thus, whether an exception to the attorney-client privilege, such as the crime-fraud exception, applies to Exemption 5 has no bearing on whether such exception applies to Exemption 4, which has not incorporated the same civil discovery privileges.

In addition, Plaintiff misconstrues *Center for Public Integrity v. U.S. Dep't of Energy*, 234 F. Supp. 3d 65 (D.D.C. 2017), a case that actually supports Agency Defendants' position. There, the court ultimately rejected the plaintiff's argument

that demonstrated corporate malfeasance (evidenced by an OIG report finding that the company had misused taxpayer money for lobbying activities) could overcome the Government's assertion of Exemption 4. *Id.* at 77. The court noted that the plaintiff cited "no authority for the proposition that corporate wrongdoing automatically disqualifies an agency from invoking Exemption 4 on behalf of a company" and concluded, so long as the defendant "demonstrated that the information at issue—as distinct from the misconduct itself" qualified for protection under Exemption 4, that was the end of the inquiry. *Id.* Although the court separately considered, without deciding, whether the crime-fraud exception applied, it did so with respect to documents that the Government had withheld under the attorney-client privilege. *Id.* Here, the Government did not withhold any documents on that basis.

Even if the crime-fraud exception did apply in the Exemption 4 context – which it does not – Plaintiff has not provided anything other than unsubstantiated guesswork to support his allegations. While these allegations are difficult to parse, Plaintiff's central argument appears to be that Illumina and Thermo Fisher "secretly" collaborated prior to reaching the Settlement Agreement that Plaintiff now seeks from USPTO. Pl.'s Br. at 16-19. Plaintiff offers nothing to support these allegations other than his claims that the companies entered into a partnership after the settlement and that Illumina's CEO made statements about the companies' negotiations occurring prior to the settlement, which he characterizes as an "indication of both fraud and unlawful antitrust behavior of the duopoly of Illumina

and Thermo Fisher." *Id.* at 17.  Plaintiff does not explain how such collaboration would violate the law, and, even more crucially, does not explain how disclosure of the negotiated Settlement Agreement could reveal any alleged fraudulent behavior.

The same goes for the other documents that Plaintiff seeks. Plaintiff seems to contend that the NIST, NCI, and NHGRI documents contain evidence that would shed light on Illumina and Thermo Fisher's alleged fraud in the inter partes review proceeding, but largely bases this allegation on the fact that the companies oppose disclosure. *See, e.g.*, Pl.'s Br. at 25. ("The only plausible explanation for Illumina continuing to demand [the] redaction [of this 20-year-old information] is that it is trying to hide their true reproducibility as an attempt to cover its fraud in the IPR Proceeding"). Here, Agency Defendants offered detailed declarations describing the basis for withholding the relevant documents, which are sufficient, by themselves, to grant summary judgment. *See American Friends Serv. Comm. v. Dep't of Defense*, 831 F.2d 441, 444 (3d Cir. 1987). Plaintiff's allegations are exactly the type of "purely speculative claims" that cannot rebut the "presumption of good faith" afforded these declarations. *Venkataram v. Office of Information Policy*, No. 09-6520 (JBS/AMD), 2013 WL 3871730, at *3 (D.N.J. Jul. 25, 2013) (quotation omitted), *aff'd*, 590 F. App'x 138 (3d Cir. 2014).

Accordingly, Plaintiff's allegations of fraud – the "thrust of his complaint" – do not provide a basis for disclosure.

B.  <u>The USPTO Properly Invoked Exemption 4 to Withhold Exhibit 2052</u>

Plaintiff challenges the USPTO's application of Exemption 4 to Exhibit 2052, the Settlement Agreement, exclusively based on his fraud allegations. As explained *supra*, the allegations have no merit.

Plaintiff does not address the Exemption 4 standard, *i.e.* that it covers information or records that are "(1) commercial or financial, (2) obtained from a person, and (3) privileged or confidential." *Pub. Citizen Health Research Grp.*, 704 F.2d at 1290. Plaintiff also does not challenge that the document is [1] "both customarily and actually treated as private by its owner" and [2] "provided to the government under an assurance of privacy." *Food Marketing*, 139 S. Ct. at 2366.

As explained in the Agency Defendants' moving brief, the USPTO properly applied Exemption 4 to deny Plaintiff's FOIA request for the Settlement Agreement. Such agreements are customarily kept private or closely held by the parties because they may reveal confidential or sensitive legal, business, licensing, and litigation positions. Declaration of Louis J. Boston, Jr. ("Boston Decl.") ¶ 18. Because of the sensitivity of the Settlement Agreement, both Illumina and Thermo Fisher have classified the Settlement Agreement as Confidential and have taken steps to assure that the information remains private. *See* Declaration of Amy McCourt ("McCourt Decl.") ¶ 29; Declaration of Michael Shapero ("Shapero Decl.") ¶ 4. Finally, the Settlement Agreement was classified as business confidential by the USPTO, and, therefore, was provided to the Government under express assurances of confidentiality. Boston Decl. ¶ 20 (subject to release only as provided in 35 U.S.C. § 317(b) and 37 C.F.R. § 42.74(c)). Thus, because the submitters customarily and

actually keep the information in the withheld Settlement Agreement private, the USPTO properly invoked Exemption 4.

C. <u>The NIST Correctly Applied Exemption 4 over the MIND Development Grant Proposal and Technical Reports</u>

Plaintiff also contends that NIST improperly withheld 23 documents related to MIND development grants and related technical reports.  As with the USPTO document, Plaintiff again alleges, without support, that NIST must be withholding these documents because they evidence fraud. For the reasons explained above, this argument has no merit.

Plaintiff also argues that "it is inconceivable that Affymetrix/Molecular Dynamics NIST grant proposal would still be proprietary" given the age of the proposal.  Pl.'s Br. at 19-20.  While it may have been appropriate to consider the age of the withheld documents under the overruled "substantial competitive harm" test, this fact is not relevant under the *Food Marketing* standard.  As argued in the Government's opening brief, the Agency Defendants properly applied Exemption 4 because, under the new Exemption 4 standard, the information is commercial, customarily and actually treated as private by its owner, and obtained from the submitters under assurances of confidentiality.  *See* Defs.' Br. at 12-15. The age of the documents has no bearing on this determination.

Finally, while Plaintiff contends that Thermo Fisher "has already made public information regarding" certain grants, he has not shown that the actual, specific information that he seeks has been made public, as is required. *See Seife v. Food & Drug Admin.*, No. 17-3960, 2020 WL 5913525, at *4 (S.D.N.Y. Oct. 6, 2020) (denying

challenge to application of Exemption 4 "even though Sarepta has published some information related to Studies 201 and 202" because "it has not disclosed the specific information" contained in the documents).  As NIST and Thermo Fisher attested in their declaration, these grants reveal research and development activities and strategies for potentially valuable commercial technology that are customarily and actually kept confidential. *See* Declaration of Allyson Dietrick ("Dietrick Decl.") ¶ 15; Shapero Decl. ¶ 4. Plaintiff has not shown otherwise.

The Court should, therefore, approve NIST's decision to withhold these documents.

### D. The NCI Properly Invoked Exemption 4 to Redact Confidential Commercial Information from the NCI Grant Application

Plaintiff alleges that the NCI improperly redacted information under Exemption 4 on pages 25, 35, 37, and 38 of the NCI Grant Application, claiming that (1) Illumina "is demonstrably trying to hide their use of Barany Laboratory intellectual property and trade secrets, as an attempt to conceal its fraud," and (2) the redacted information dates from 2004 and is thus too old to qualify as "proprietary information."  Pl. Br. at 23.  Neither argument has any merit.

First, as explained above, Plaintiff's accusations of fraud have no relevance to the decision to withhold information that qualifies for protection under Exemption 4.  They therefore provide no basis to deny summary judgment with respect to the NCI's redactions.

Second, as with the NIST documents, the purported age of the technology at issue likewise has no bearing on the propriety of the NCI's decision to invoke

Exemption 4. As argued in the Government's opening brief, the redacted information meets all of the criteria for protection under this exemption, because it is commercial information, customarily and actually treated as private by its owner, and obtained from Illumina under assurances of confidentiality. *See* Defts. Br. at 15-17. As Plaintiff does not actually dispute any of these elements, his allegations regarding the age of the technology do not create an issue of fact precluding summary judgment. The Court should therefore approve the NCI's redactions.

E. The NHGRI Properly Invoked Exemption 4 to Redact Confidential Commercial Information from the NHGRI Grant Application

Plaintiff's challenge to the NHGRI's FOIA response is likewise unpersuasive. Plaintiff claims that the NHGRI improperly redacted information on page 25, 27, and 28 of the NHGRI Grant Application, arguing that the the "only plausible explanation for Illumina continuing to demand [the] redaction [of this 20-year-old information] is that it is trying to hide their true reproducibility as an attempt to cover its fraud in the IPR Proceeding." Pl. Br. at 25. Like his arguments against the NCI redactions, Plaintiff's claims here fail because neither his speculation about possible fraud nor the age of the information casts any doubt on the NHGRI's redactions. The NHGRI properly asserted Exemption 4 over commercial information, ordinarily and actually kept confidential by Illumina, and provided under assurances of privacy. Because Plaintiff's allegations do not rebut any of these elements, the Court should uphold the NHGRI's decision.

II. The Court Should Deny Plaintiff's Request for Discovery

Plaintiff also asks the Court to allow him discovery in this FOIA matter and specifically seeks to depose Michael Shapero, the Director of Molecular Biology at Thermo Fisher who provided a declaration in support of the Agency Defendants' motion.   Plaintiff has failed to meet the high bar necessary to obtain this extraordinary relief.

As an initial matter, the Court should reject Plaintiff's request because he has not submitted the necessary affidavit.   Pursuant to Fed. R. Civ. P. 56(d), a party who opposes summary judgment on the ground that discovery is necessary must "submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Pennsylvania, Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (citation omitted).   "A party's failure to file a Rule 56[(d)] affidavit is fatal to his claim of insufficient discovery."[1] *N'Jai v. U.S. E.P.A.*, No. 13-1212, 2014 WL 2508289, at *4 n.5 (D.N.J. Jun. 14, 2014) (citation and quotation marks omitted). Here, although Plaintiff invokes Rule 56(d) in his brief, *see* Pl. Opp. at 26, he has not submitted a declaration addressing the issues specified in Rule 56(d).   Accordingly, the Court may deny the request for discovery on this basis.

Even if this Court excused Plaintiff's non-compliance, it should still deny his request for discovery because his allegations do not warrant this exceptional remedy.

---

[1]     In 2010, Rule 56 was amended and the provisions of former subdivision (f) were "carrie[d] forward without substantial change" to current subdivision (d).   Fed. R. Civ. P. 56, Advisory Committee's note (2010); *Shelton v. Bledsoe*, 775 F.3d 554, 567 (3d Cir. 2015).   Accordingly, cases like *N'jai* that address the pre-2010 version of Rule 56 cite Rule 56(f) rather than Rule 56(d).

Discovery is "rare" and "generally disfavored" in FOIA actions, *Bartko v. U.S. Dep't of Justice*, No. 13-1135 (JEB), 2016 WL 829967, at *12 (D.D.C. Mar. 3, 2016) (citing cases), and courts are reluctant to order such "extraordinary" relief. *Thomas v. FDA*, 587 F. Supp. 2d 114, 115 (D.D.C. 2008); *see also Schrecker v. Dep't of Justice*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002) ("Discovery in FOIA is rare and should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains."), *cited with approval by Baker & Hostetler LLP v. U.S. Dep't of Commerce*, 473 F.3d 312, 318 (D.C. Cir. 2006). Although courts have allowed limited discovery in isolated cases where there was "evidence of some wrongdoing" in the FOIA process, *Citizens For Responsibility & Ethics in Washington v. Nat'l Indian Gaming Comm'n*, 467 F. Supp. 2d 40, 56 (D.D.C. 2006), speculative claims are insufficient to rebut the presumption of good faith that attaches to agency declarations, and therefore insufficient to warrant discovery. *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1201 (D.C. Cir. 1991); *Voinche v. F.B.I.*, 412 F. Supp. 2d 60, 72 (D.D.C. 2006).

In this case, Plaintiff seeks to depose Dr. Shapero – though, curiously, no Illumina employees – to explore whether information in the NIST grant documents "still needs to be kept secret" and whether disclosure of the USPTO Settlement Agreement would likely cause substantial competitive harm. Pl. Br. at 28.  But neither of these proposed subjects provides any basis for the Court to allow discovery. As noted above, protection under Exemption 4 turns on whether the information at issue is (a) commercial or financial, (b) obtained from a party outside the

government, (c) treated as private, and (d) turned over under assurances of confidentiality.  Because Plaintiff's proposed deposition topics have no bearing on any of these elements, he cannot demonstrate a need for discovery in this case. Likewise, while Plaintiff states that he is unable to determine the truth of several statements in the Local Civil Rule 56.1 statements filed by the Agency Defendants and Illumina, *see, e.g.,* Plaintiff's Response to Agency Defendants' 56.1 Statement ¶¶ 10, 11, 12, 37, 38, 39, 40, 41, 42, 43*,* he does not cite any evidence to contradict these paragraphs.  Plaintiff's speculation that additional, unidentified information could help his case amounts to mere conjecture that cannot rebut the presumption of good faith or otherwise justify discovery. *Cf. Friedman v. U.S. Secret Serv.*, 923 F. Supp. 2d 262, 275 (D.D.C. 2013) ("plaintiff's conjecture as to covert activity within the agency to prevent FOIA disclosures does not rebut the presumption"); *Skurow v. U.S. Dep't of Homeland Sec.*, 892 F. Supp. 2d 319, 327 (D.D.C. 2012) (concluding that "purely speculative claims about the agencies' motives" in responding to FOIA request was insufficient to rebut presumption of good faith).[2]

---

[2]     Plaintiff also asks the Court to review the USPTO and NIST documents *in camera.*  This request should be denied.  FOIA does permit a district court to examine *in camera* the contents of agency records that have been withheld. *See* 5 U.S.C. § 552(a)(4)(B). The decision to review the withheld contents of an agency's records is within the discretion of the court, however. *See Hinton v. Dep't of Justice*, 844 F.2d 126, 128 (3d Cir. 1988). Agency affidavits submitted in justification of the FOIA exemptions carry a presumption of good faith; thus, *in camera* review should not be resorted to "routinely" and is unnecessary if agency affidavits are specific and there is no evidence of bad faith. *See Berger v. I.R.S.*, 487 F.Supp.2d 482, 494 (D.N.J. 2007), *aff'd*, 288 Fed.Appx. 829 (3d Cir. 2008). Here, as explained above, the Agency Defendants provided detailed declarations, and Plaintiff has provided no evidence that would rebut the presumption of good faith afforded these declarations.

In sum, Plaintiff has failed to demonstrate that this is the rare and exceptional FOIA case where discovery would be appropriate. The Court should therefore deny his request.

### III.   The Court Should Deny Plaintiff's Request for Attorneys' Fees

As his final request, Plaintiff asks the Court to award him attorneys' fees and costs under FOIA, arguing that, even if the Court grants summary judgment to the Agency Defendants, it should nonetheless award him fees and costs because he has "substantially prevailed" in the action. Pl. Br. at 32. The Court should reject Plaintiff's claim and decline to order any such relief.

Pursuant to 5 U.S.C. § 552(a)(4)(E), a court considering a FOIA suit may "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). A plaintiff can show he has "substantially prevailed" when he obtains relief through a judicial order, or causes "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii)(I)-(II).

Under the second prong, or "catalyst theory," a plaintiff can show he substantially prevailed "due to a change in an agency's position, for example, when the plaintiff's lawsuit 'substantially caused the government to release the requested documents before final judgment.'" *Grand Canyon Tr. v. Zinke*, 311 F. Supp. 3d 381, 386–87 (D.D.C. 2018), *aff'd*, 947 F.3d 94 (D.C. Cir. 2020)) (citation omitted). "[I]f an unavoidable delay accompanied by due diligence in the administrative processes was

the actual reason for the agency's failure to respond to a request, rather than the threat of an adverse court order, then it cannot be said that the complainant substantially prevailed in [its] suit." *Id.* at 389 (quotation marks and citations omitted). Thus, to "prevent plaintiffs from being the beneficiaries of purely extrinsic factors, courts must look at the circumstances surrounding disclosure. When disclosure is triggered by events unrelated to the pending lawsuit, the causal nexus is missing and the plaintiff cannot be deemed a 'prevailing party.'" *Id.* (quotation marks and citations omitted). Moreover, when a "Plaintiff's interest in ... the information appears to be personal . . . he fails to demonstrate that his claim is not insubstantial" within the meaning of the attorneys' fee provisions. *Van Chase v. Bur. of Indian Affairs*, No. 18-2902 (EGS), 2020 WL 3489469, at *4 (D.D.C. June 26, 2020).

If the court finds a plaintiff has "substantially prevailed" and is thus eligible for fees, it must then decide whether he is entitled to them. *See Nat'l Sec. Couns. v. Cent. Intel. Agency*, 811 F.3d 22, 28 (D.C. Cir. 2016); *Pohl v. U.S. E.P.A.*, No. 09-1480, 2012 WL 762083, at *12 (W.D. Pa. Mar. 7, 2012). To make this determination, the Court weighs four factors: "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) whether the Government had a reasonable basis for withholding requested information." *Burka v. U.S. Dep't of Health & Hum. Servs.*, 142 F.3d 1286, 1288 (D.C. Cir. 1998) (citation omitted).

In this case, Plaintiff cannot show that he substantially prevailed in the action, because he cannot show that that the Agency Defendants made "a voluntary or unilateral change in position" as to the NCI and NHGRI documents as a result of this litigation or that his "claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii)(II). First, with respect to the NCI and NHGRI documents, the agencies originally released the documents to the Plaintiff in June and July 2017. For three years, the Plaintiff did not contact either agency regarding the redactions. When Plaintiff brought suit, NCI and NHGRI released additional information because Illumina no longer considered the information confidential. The agency had no obligation to re-release the documents to the Plaintiff sua sponte three years after the release because Illumina's assessment of confidential information withheld has changed. Moreover, the re-release of the documents did not occur in response to Plaintiff's litigation, but due to Illumina's decision that it no longer sought to keep previously-redacted information withheld as confidential. Therefore, in good faith, NCI and NHGRI released the documents with fewer redactions to better reflect Illumina's current position regarding the withheld information.

Moreover, because Plaintiff's interest in the information is personal, *see* Compl. ¶¶ 9, 11, he cannot show that his claim "is not insubstantial." *Van Chase*, 2020 WL 3489469, at *4. The Court should therefore conclude that Plaintiff is not eligible for attorneys' fees.

Even if Plaintiff could demonstrate eligibility, the Court should still decline to find him entitled to attorneys' fees in this case, as none of the factors favor an award

here.  First, despite Plaintiff's assertions, he cannot point to any significant public benefit from this litigation, as the released documents are not "likely to add to the fund of information that citizens may use in making vital political choices." *Poitras v. Dep't of Homeland Sec.*, No. CV 15-1091 (BAH), 2019 WL 1569561, at *6 (D.D.C. Apr. 11, 2019).  The information released in response to Plaintiff's FOIA requests does not shed any light on government decision-making.  At most, it provides information in which competitors of Illumina might have an interest.  But "released documents that are relevant to only a subset of the public, such as contractors or a private litigant, confer little public benefit," and thus will not justify an award of attorneys' fees.  *See id.*

To the contrary, this litigation has obvious personal benefits to Plaintiff, who who has accused Illumina of "usurping" his intellectual property and "conspir[ing] with Thermo Fisher to fraudulently induce Cornell to settle its claims in [*Cornell University v. Illumina*], over the objections of Dr. Zirvi and the other co-inventors of [International Patent Application] WO97/31256."  Complaint ¶¶ 9, 11.  Because Plaintiff seeks this information to bolster his fraud claims, he has "a sufficient private incentive to pursue his FOIA request even without the prospect of obtaining attorneys' fees." *McKinley v. Fed. Hous. Fin. Agency*, 739 F.3d 707, 712 (D.C. Cir. 2014) (quotation marks and citation omitted).  The second and third factors thus weigh against any award of attorneys' fees.

As for the fourth and final factor – whether the Agency Defendants had a reasonable basis to withhold information – that factor also militates against

granting attorneys' fees.  "Under the fourth factor, the question for a district court is not whether the agency's legal and factual positions were correct. The question is whether the agency's positions were reasonable." *Morley v. CIA*, 894 F.3d 389, 393 (D.C. Cir. 2018).  Here, as detailed above and in the Defendants' motion, the Agency Defendants had ample legal basis to redact information pursuant to Exemption 4, and, in the case of NCI and NHGRI, to reassess those withholdings when Illumina determined it no longer sought protection for each of the redactions.  Given these circumstances, Plaintiff cannot show that the Agency Defendants lacked a reasonable basis to make the challenged withholdings.   For this reason as well, the Court should deny Plaintiff's request for fees in all respects. *See Brayton v. Office of U.S. Trade Rep.*, 641 F.3d 521, 528 (D.C. Cir. 2011).

## CONCLUSION

For the foregoing reasons, the Court should grant summary judgment to Agency Defendants, deny Plaintiff's motion, and dismiss the complaint in its entirety.

Dated:   Newark, New Jersey
March 29, 2021

Respectfully submitted,

RACHAEL A. HONIG
Acting United States Attorney

By:   s/ Peter Vizcarrondo
PETER VIZCARRONDO
KRISTIN L. VASSALLO
Assistant United States Attorneys
*Attorneys for Defendants*